JEREMY HUDSON                        CIVIL ACTION 1:17-CV-00344

VERSUS                                    CHIEF JUDGE DRELL

TOWN OF WOODWORTH, *et al.*      MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the Court is civil rights complaint filed by Jeremy Hudson ("Hudson") pursuant to 42 U.S.C. § 1983. The defendants are the Town of Woodworth ("the Town") and Kyle McCain ("McCain").[1] This case was filed in a Louisiana state court in February 2017 (Doc. 1-1) and removed by the Town of Woodworth in March 2017 (Doc. 1).

Hudson contends that, when he drove through the Town on February 19, 2016, he passed Officer McCain, who was parked on the side of the roadway. McCain followed Hudson, stopped him, ordered him out of his car, and requested permission to search the vehicle. Hudson refused permission to search his car, but McCain searched it anyway. When McCain found no evidence of criminal activity in the vehicle, he asked for Hudson's license and registration, then gave McCain three tickets: (1) improper equipment (no taillights or brake lights); (2) television prohibited; and (3) improper muffler. When Hudson refused to sign the tickets, McCain spit on his license. Another officer arrived and advised Hudson to leave town

---

[1] Kyle McCain has not been served (Doc. 1-4). The March 3, 2017 docket entry, setting McCain's due date to answer, is incorrect. Summons was re-issued for McCain on April 20, 2017 (Doc. 9).

"before it gets bad." Hudson appeared in the Mayor's Court for the Town of Woodworth on June 16, 2016 and all three tickets were dismissed.

Hudson alleges federal and state law claims of assault, false arrest/imprisonment, cruel treatment, false charges, malicious prosecution, negligent and intentional infliction of emotional distress, and deliberate indifference to his rights and safety against McCain. Hudson further alleges the Town was both negligent and deliberately indifferent, pursuant to official policy and custom, in hiring, training, retaining, and supervising McCain and, in addition, has *respondeat superior* liability for McCain's actions. Hudson seeks monetary damages, medical expenses, punitive damages under § 1983, attorney fees, and costs.

The Town filed a Motion for More Definite Statement (Doc. 7), complaining of ambiguity. The Town asks Hudson to specify what constitutional provisions and statutes each Defendant is alleged to have violated and how they were violated.[2]

Under Rule 12(e), the Court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959). If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e). Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981).

---

[2] Defendants also filed a Motion to Dismiss in the same motion. The Motion to Dismiss is dealt with in a separate Report and Recommendation.

2

Hudson's complaint was originally filed in a Louisiana state court, which requires fact-pleading[3] rather than identification of the statutory basis of each claim. Although Hudson's facts are well pleaded, he has not specified which statute or constitutional provision applies to each claim and each Defendant. Therefore, Hudson should be given an opportunity to amend his complaint to conform to Fed. R. Civ. P. Rule 8, to set forth short and plain statements of the statutory or constitutional basis for each claim against each Defendant, as well as any official policies or customs alleged to have resulted in the violation of Hudson's constitutional or statutory rights. Accordingly,

IT IS ORDERED that the Town's Motion for a More Definite Statement (Doc. 7) is GRANTED. Hudson is ORDERED TO FILE AN AMENDED COMPLAINT within **30 days** of the date of this Order.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this  1st  day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[3] See La. C. Civ. P. Article 862; Udomeh v. Joseph, 2011-2839 (La. 10/26/12), 103 So. 3d 343, 348-49.