UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JEREMY HUDSON                 CIVIL ACTION 1:17-CV-00344

VERSUS                          CHIEF JUDGE DRELL

TOWN OF WOODWORTH, *et al.*    MAGISTRATE JUDGE PEREZ-MONTES

---

## REPORT AND RECOMMENDATION

### I. Background

Before the Court is civil rights complaint filed by Jeremy Hudson ("Hudson") pursuant to 42 U.S.C. § 1983. Hudson names the Town of Woodworth ("the Town") and Kyle McCain ("McCain") as defendants.[1] This case was filed in a Louisiana state court (Doc. 1-1) and removed by the Town of Woodworth (Doc. 1).

Hudson contends that, when he drove through the Town on February 19, 2016, he passed Officer McCain, who was parked on the side of the road. McCain followed Hudson, stopped him, ordered him out of his car, and requested permission to search the vehicle. Hudson refused permission to search his car, but McCain searched it anyway. When McCain found no evidence of criminal activity in the vehicle, he asked for Hudson's license and registration. McCain issued three tickets to Hudson: (1) improper equipment (no taillights or brake lights); (2) television prohibited; and (3) improper muffler. When Hudson refused to sign the tickets, McCain spit on his license. Another officer arrived and advised Hudson to leave town. Hudson appeared

---

[1] Kyle McCain has not been served (Doc. 1-4). The March 3, 2017 docket entry, setting McCain's due date to answer, is incorrect. Summons was re-issued for McCain on April 20, 2017 (Doc. 9).

in the Mayor's Court for the Town of Woodworth on June 16, 2016 and all three tickets were dismissed.

Hudson alleges federal and state law claims of assault, false arrest/imprisonment, cruel treatment, false charges, malicious prosecution, negligent and intentional infliction of emotional distress, and deliberate indifference to his rights and safety against McCain. Hudson further alleges the Town was both negligent and deliberately indifferent, pursuant to official policy and custom, in hiring, training, retaining, and supervising McCain and, in addition, has respondeat superior liability for McCain's actions. Hudson seeks monetary damages, medical expenses, punitive damages under § 1983, attorney fees, and costs.

The Town filed a Motion to Dismiss and Motion for More Definite Statement together (Doc. 7). The Town seeks dismissal of (1) the claim for punitive damages, and (2) the Eighth Amendment claims. Hudson has not filed a brief in response to the Town's motion. The Motion to Dismiss is now before the Court for disposition.[2]

## II. Law and Analysis

### A. Standards governing the Motion to Dismiss pursuant to 12(b)(6).

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))

---

[2] The Motion for More Definitive Statement will be dealt with in a separate order.

(internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

### B. Hudson's federal claim for punitive damages against the Town should be dismissed.

The Town contends that Hudson's § 1983 claim for punitive damages against it should be dismissed. The Town argues that a governmental entity cannot be held liable for punitive damages. The United States Supreme Court has held that a municipality is immune from punitive damages under § 1983. See City of Newport v. Fact Concerts, Inc., 453 U.S. 237, 271 (1981); see also Cook County, Ill. V. U.S., 538 U.S. 119, 129 (2003); Webster v. City of Houston, 735 F.2d 838, 860, n.52 (5th Cir. 1984), on reh'g, 739 F.2d 993 (5th Cir. 1984).

Therefore, the Town's motion to dismiss should be granted and Hudson's federal claim for punitive damages against the Town (only) should be dismissed.

### C. Hudson's state law claim for punitive damages against the Town should be dismissed.

The Town contends that Hudson's state law claims for punitive damages should also be dismissed.

Punitive damages are not allowed under Louisiana law absent a specific statutory provision. Golden v. Columbia Casualty Co., 2015 WL 3650761, *33 (M.D. La. 2015) (citing Zaffuto v. City of Hammond, 308 F.3d 485, 491 (5th Cir. 2002)).

Hudson fails to identify any Louisiana statute authorizing an award for punitive damages in this case. Therefore, the Town's motion should be granted and Hudson's claim for punitive damages under Louisiana state law should be dismissed without prejudice to his right to amend his complaint to allege specific Louisiana statutes authorizing recovery of punitive damages.

    D.    <u>Hudson's Eighth Amendment claims should be dismissed.</u>

The Town also contends that Hudson's Eighth Amendment claims should be dismissed. The Eighth Amendment prohibition against cruel and unusual punishments is not implicated until the state has secured a formal adjudication of guilt in accordance with due process of law. There is no cognizable § 1983 claim under the Eighth Amendment in relation to Hudson's traffic stop.[3] See <u>Avery v. Boyd</u>, 2014 WL 2163442, * 5, n. 4 (S.D. Miss. 2014).

Therefore, the Town's motion to dismiss Hudson's Eighth Amendment claims should be granted.

## III.    <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that the Town of Woodworth's motion to dismiss (Doc. 7) be GRANTED as follows: Hudson's federal claim for punitive damages against the Town (only) should be DISMISSED WITH PREJUDICE; (2) Hudson's state law claim for punitive damages should be

---

[3] United States Constitution Amendment VIII, Excessive Bail, Fines, Punishments:
    Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.
Hudson did not allege the imposition of excessive bail or the imposition of excessive fines.

4

DISMISSED WITHOUT PREJUDICE; and (3) Hudson's Eighth Amendment claim should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this ___1st___ day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge