UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

JEREMY HUDSON                    CIVIL ACTION 1:17-CV-00344

VERSUS

TOWN OF WOODWORTH, et al.        MAGISTRATE JUDGE PEREZ-MONTES

MEMORANDUM ORDER

Defendant Kyle McCain ("McCain") filed a Motion to Dismiss (Doc. 15). McCain's motion is granted.

I. Background

Before the Court is civil rights complaint filed (and amended) pursuant to 42 U.S.C. § 1983, as well as supplemental state law claims, by Plaintiff Jeremy Hudson ("Hudson") (Docs. 1, 17). The named Defendants are the Town of Woodworth, Louisiana and McCain (an officer employed by the Town of Woodworth Police Department). Hudson alleges Officer McCain violated his constitutional rights during a traffic stop in the Town of Woodworth. Hudson asserts constitutional and state law claims for assault, negligent and intentional infliction of emotional distress, cruel treatment, false arrest/imprisonment, malicious prosecution, and deliberate indifference to Hudson's rights against McCain. Hudson further alleges the Town of Woodworth was negligent in hiring, training, and retaining McCain. Hudson seeks monetary damages for emotional, mental, and psychological injuries, medical expenses, punitive damages, attorney fees, and costs.

Hudson alleges violations of his Eighth and Fourteenth Amendment rights. Hudson alleges that, on February 19, 2016, McCain pulled Hudson over when he was passing through the Town of Woodworth (Doc. 1). McCain asked permission to search Hudson's vehicle, Hudson refused, and McCain searched it anyway. After the search revealed nothing incriminating, McCain asked to see Hudson's license and registration. McCain then issued Hudson three tickets: (1) improper equipment (no tail lights or brake lights); (2) television prohibited; and (3) improper muffler. When Hudson refused to sign the tickets, McCain purportedly threw Hudson's driver's license on the ground and spit on it. McCain then "advised" Hudson "to leave Woodworth before it gets bad." Hudson appeared in the Town of Woodworth Mayor's Court, where all three tickets were dismissed.

Hudson seeks monetary damages for emotional, mental, and psychological injuries, medical expenses, punitive damages, attorney fees, and costs.

Defendants removed. Defendants premise federal jurisdiction on a federal question (28 U.S.C. § 1983). The Town of Woodworth filed a Motion to Dismiss (Doc. 7), which was granted (Doc. 23). Only Hudson's Fourteenth Amendment claims against the Town of Woodworth remain.

Defendant McCain also filed a Motion to Dismiss or for a More Definite Statement (Doc. 15), adopting the Town of Woodworth's arguments. McCain contends: (1) punitive damages are not authorized under Louisiana law;[1] and (2) Hudson has not stated a viable claim under the Eighth Amendment (Doc. 7). McCain

---

[1] It is presumed that McCain is not adopting the Town of Woodworth's argument that punitive damages may not be assessed against a municipality under § 1983.

2

also contends the complaint is vague and ambiguous, and asks for a more definite statement (Doc. 7).

McCain's Motion to Dismiss is now before the Court for disposition.

II. <u>Law and Analysis</u>

   A. <u>Hudson's Eighth Amendment claim should be dismissed.</u>

McCain contends Hudson's Eighth Amendment claim should dismissed because he was not convicted on the traffic tickets.

The language of the Eighth Amendment–"[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted"– manifests "an intention to limit the power of those entrusted with the criminal-law function of government." <u>Whitley v. Albers</u>, 475 U.S. 312, 318 (1986) (citing <u>Ingraham v. Wright</u>, 430 U.S. 651, 664 (1977)). The Cruel and Unusual Punishments Clause "was designed to protect those convicted of crimes," and consequently the Clause applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." <u>Id.</u> (citing <u>Ingraham</u>, 430 U.S. at 671, n. 40).

Hudson's claims are not viable under the Eighth Amendment because he was not convicted and sentenced. Therefore, McCain's Motion to Dismiss Hudson's Eighth Amendment claims should be granted. Only Hudson's Fourteenth Amendment claim remains under § 1983.

   B. <u>Hudson is not entitled to punitive damages under Louisiana state law.</u>

Hudson claims damages for mental, psychological and emotional suffering. Punitive damages are not allowed under Louisiana law absent a specific statutory

3

provision. See Zaffuto v. City of Hammond, 308 F.3d 485, 491 (5th Cir. 2002), modified in other part on reh'g, 313 F.3d 879 (5th Cir. 2002) (citing Fowler v. Western Union Telegraph Co., 357 So.2d 1305, 1309 (La. App. 3d Cir. 1978), writ den., 359 So.2d 196 (La. 1978)). Hudson has not stated any statutory basis for an award of punitive damages under state law in this case, and none is apparent.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that McCain's Motion to Dismiss be GRANTED as to Hudson's Eighth Amendment claim and his state law claim for punitive damages. Hudson's claims against McCain under the Eighth Amendment and his state law claim for punitive damages should be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ.

P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  16th  day of November, 2017.

                                            Joseph H.L. Perez-Montes
                                            United States Magistrate Judge