UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMY HUDSON, Plaintiff | CIVIL ACTION NO. 1:17-CV-00344 |
| VERSUS | |
| TOWN OF WOODWORTH, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Deem Admitted (Doc. 36) filed by Defendant, Town of Woodworth (the "Town"). The Town seeks an order deeming all requests for admission propounded to Plaintiff, Jeremy Hudson, be deemed admitted for the remainder of this proceeding.

Under Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). The consequences of failing to respond can thus be fatal to a claim: "[I]f the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." Murrell v. Casterline, 307 Fed.Appx. 778, 780 (5th Cir. 2008).

The mandate of Rule 36(a)(3) is self-executing. Zyzek v. Am. Sec. Ins. Co., CV 15-1891, 2015 WL 13035283, at *1 (W.D. La. Dec. 15, 2015). Once a party fails to respond or object to a request for admission within 30 days (or any other time ordered by the court), the request for admission is deemed admitted as a matter of law. See, e.g., id. The burden then falls on the admitting party to move to withdraw or amend the admission under Fed. R. Civ. P. 36(b). See, e.g., Rivera v. Martin J. Donnelly Antique Tools, CV 14-667-JWD-SCR, 2015 WL 6872506, at *1 n.2 (M.D. La. Nov. 9, 2015).

Here, Defendants served Hudson, through his attorney, with requests for admission on September 18, 2017. (Doc. 36-4). Hudson neither responded to the requests, nor sought an extension of the deadline to respond. As a matter of law, Hudson's failure to respond constituted admissions on October 18, 2017. An order from this Court confirming the same is unnecessary.[1]

Accordingly, the Motion to Deem Admitted (Doc. 36) is hereby DENIED as moot.

THUS DONE AND SIGNED in Alexandria, Louisiana, this  4th   day of December, 2017.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] Hudson's attorney withdrew on September 22, 2017 (Doc. 34), four days after the Town propounded the requests for admission. If something about that transition caused or contributed to Hudson's failure to respond to the requests for admission, or if Hudson has any other reasonable explanation for his failure to respond, Hudson's recourse is to file a motion to withdraw or amend his admissions under Fed. R. Civ. P. 36(b), as noted above.