UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEREMY HUDSON,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-00344 |
| VERSUS | JUDGE DRELL |
| TOWN OF WOODWORTH, *et al.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM RULING

Before the Court are two Motions for Summary Judgment (Doc. 46) (Doc. 48) filed by Defendants the Town of Woodworth ("the Town") and Kyle McClain ("McClain") (collectively, "Defendants"). The motions are unopposed. Because there is no genuine dispute as to any material fact, summary judgment is GRANTED. And because Hudson's claim under 42 U.S.C. §1983 was frivolous, Defendants are entitled to a reasonable attorney's fee.

I. Background

On February 9, 2017, Plaintiff Jeremy Hudson ("Hudson") filed this action against Defendants. (Doc. 1-1, p. 1). Hudson alleges that McClain wrongfully searched his vehicle, threw his license on the ground, spit on his license, and threatened him. (Doc. 1-1, p. 2). Hudson claims that: (1) both Defendants violated La. Civ. Code art. 2315, La. Civ. Code art. 2316, 42 U.S.C. §1343, 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments of the Constitution; and (2) the Town further violated La. Civ. Code art. 2317 and La. Civ. Code art. 2320. (Doc. 17, p. 1-2).

Defendants served Hudson with requests for admission. (Doc. 36-3, p. 4). Defendants requested Hudson to admit that: (1) the factual allegations of ¶ 7, ¶ 11, and ¶ 12 of the Complaint were a fabrication;[1] (2) Hudson had no claim under La. Civ. Code. art. 2317, 42 U.S.C. §1343, or common law; and (3) Hudson had no claim for punitive damages against the Town. (Doc. 36-3, p.1-3). Hudson did not respond to the requests. (Doc. 36, p. 1). By Memorandum Order (Doc. 43), the Court found Hudson's failure to respond constituted admissions as a matter of law. (Doc. 43, p.2). Hudson did not move to withdraw or amend his admissions.

Defendants then filed the Motions for Summary Judgment (Doc. 46) (Doc. 48). Defendants seek summary judgment and an award of attorney's fee. (Doc. 46, p.1) (Doc. 48, p.1). Hudson did not oppose the motions.

## II. Law and Analysis

### A. Standards governing the Motion for Summary Judgment.

A court should grant summary judgment if a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "[T]he substantive law will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." Id. In deciding a motion for summary judgment, a court must

---

[1] In ¶7, ¶11, and ¶12 of the Complaint, Hudson alleges that McClain searched his vehicle without permission, threw his driver's license on the ground, spit on his license, and threatened him to "leave Woodworth before it gets bad." (Doc. 1-1, p. 2).

decide all inferences in the light most favorable to the non-movant. See Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

B.   Standards governing the Motion for Attorney's Fees.

Title 42 U.S.C. §1988(b) provides that "in any action to enforce . . . [42 U.S.C. §]1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b). "A prevailing defendant is entitled to fees only if the plaintiff's underlying claim is frivolous, unreasonable, or groundless." Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000). In determining whether a suit is frivolous, a court considers factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial. Id.

C.   There is no genuine dispute of material fact.

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The admission is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Here, Defendants served Hudson with their requests for admission. (Doc. 36-3, p. 4). Hudson failed to respond.[2] (Doc. 36, p. 1). Consequently, all matters in the requests are deemed admitted.

---

[2] In its Memorandum Order (Doc. 43), the Court advised Hudson to file a motion to withdraw or amend his admissions if he has any reasonable explanation for his failure to respond. (Doc. 43, p. 2). Hudson failed to do so.

3

No genuine dispute as to any material fact exists if a plaintiff fails to offer evidence to establish each element of its prima facie case. See Wooten v. McGinnis Cadillac, Inc., No. 93-2023, 1993 WL 241581, at *1 (5th Cir. June 18, 1993) (affirming summary judgment in favor of a defendant because the plaintiff failed to offer any evidence to establish essential elements of his claim); Hill v. Breazeale, 197 F. App'x 331, 336 (5th Cir. 2006) (affirming summary judgment for defendant because plaintiff's deemed admission conclusively established a failure to show a prima facie case of his claim). By admitting ¶7, ¶11, and ¶12 of the Complaint were a fabrication, Hudson failed to provide any factual allegation or evidence to support any of his claims. Therefore, no reasonable jury could return a verdict in his favor. The Motions for Summary Judgment (Doc. 46) (Doc. 48) are granted.

D. <u>Hudson's claim under 42 U.S.C. §1983 was frivolous.</u>

A prevailing defendant in a 42 U.S.C. §1983 suit is entitled to a reasonable attorney's fee if the suit was frivolous, unreasonable, or groundless. Myers, 211 F.3d at 292. In determining whether a suit is frivolous, a court considers factors such as whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial. Id. A claim is frivolous if a plaintiff failed to provide any testimony or evidence to support it. DeRamus v. City of Alexandria, 675 F. App'x 408, 413 (5th Cir. 2017).

Here, because of his admissions, Hudson provided no evidence to support his § 1983 claim. The claim should be dismissed without a trial as Hudson has failed to establish a genuine dispute as to his prima facie case. In addition, Defendants did

4

not offer to settle the claim. (Doc. 48-2, p. 6). Hence, Hudson's §1983 claim was frivolous, and Defendants are entitled to a reasonable attorney's fee.

In calculating a reasonable attorney's fee, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of submitting sufficient documentation for the court to calculate the reasonable fee. See La. Power &Light Co. v. Kellstrom, 50 F. 3d 319, 324 (5th Cir. 1995). Where the fee applicant fails to meet this burden, the court possesses the discretion to allow him to provide more specific information or to deny his request. See Tyler v. Cedar Hill Indep. Sch. Dist., 433 F. A'ppx 265, 267-68 (5th Cir. 2011).

Here, Defendants have not yet provided evidence for the Court to calculate their attorney's fees.[3] (Doc. 46-2, p. 7) (Doc. 48-2, p.7). Defendants will be given the opportunity to do so.

III. Conclusion

Accordingly, as will be memorialized by separate Judgment;

Defendants' Motions for Summary Judgment (Doc. 46) (Doc. 48) will be **GRANTED,** and Plaintiff's claims against Defendants will be **DISMISSED WITH PREJUDICE**.

Further, Defendants' requests for attorney's fees are also **GRANTED**. If Defendants wish to pursue recovery against Plaintiff, Defendants shall submit

---

[3] Rather, Defendants sought to submit their expenses, fees, and costs after the Court grants their Motions for Summary Judgment (Doc. 46) (Doc. 48).

5

evidence sufficient for the Court to calculate a reasonable attorney's fee within 14 days from the date of this ruling. Either Defendants' failure to so file will be construed as a waiver of its claim for attorney's fees.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __23rd__ day of July, 2018.

                                          Joseph H.L. Perez-Montes
                                          United States Magistrate Judge